IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MARTIN J. WALSH, | |
| Plaintiff, | 2:22-CV-01028-CCW |
| v. | |
| SERENITYCARE LLC, | |
| Defendant. | |

## **OPINION**

Before the Court is the Motion for Default Judgment against Defendant Serenitycare LLC by Plaintiff Martin J. Walsh, Secretary of Labor. ECF No. 39. For the reasons that follow, the Court will GRANT the motion and enter a default judgment against Serenitycare. *See* Fed. R. Civ. P. 55(b).

**I.  Background**

Secretary Walsh initiated this action on July 15, 2022, filing his Complaint against Serenitycare and an individual, Kelley Oliver-Hollis. ECF No. 1 ¶ 4. Serenitycare is a Pennsylvania business that provides assisted living in the Pittsburgh area. ECF No. 1 ¶¶ 2–3. It owns six "homes" where its employees "assist clients . . . with activities of daily living such as cooking, bathing, feeding, taking patients to appointments, and taking patients to [Serenitycare's] training center for activities and development." *Id.* ¶ 3. Ms. Oliver-Hollis is a 50% co-owner of Serenitycare, and responsible for hiring, firing, supervising, and scheduling its workers. *Id.* ¶ 4. In his Complaint, Secretary Walsh alleges that Serenitycare and Ms. Oliver-Hollis violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, by misclassifying and underpaying

employees, failing to keep adequate records, obstructing the Department of Labor's investigation into Serenitycare, and retaliating against employees for seeking back wages. ECF No. 1 ¶¶ 9–22.

On September 20, 2022, the Court approved a Consent Judgment against Ms. Oliver-Hollis, who was proceeding pro se, enjoining her from further violating FLSA. ECF No. 29. The Consent Judgment also notes that Ms. Oliver-Hollis paid the Department of Labor $1,051,239.96, reflecting "the back wages and liquidated damages due as a result of violations of the minimum wage and overtime provisions of the [FLSA]" during the relevant period. *Id.* ¶ 9. Secretary Walsh then requested entry of default against Serenitycare, which failed to appear, plead, or otherwise defend this action. ECF No. 32. The Clerk entered default and, on October 21, 2022, Secretary Walsh file the instant Motion for Default Judgment. ECF Nos. 33, 39. In his Motion, Secretary seeks only injunctive relief, noting Ms. Oliver-Hollis's payment of back wages and liquidated damages. ECF No. 40 at 1.

## II.     Legal Standard

Before entering a default judgment, a court must "(1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages." *Moroccanoil, Inc. v. JMG Freight Grp. LLC*, No. 14-5608, 2015 WL 6673839, at *1 (D.N.J. Oct. 30, 2015). Once these conditions have been satisfied, the decision to grant default judgment rests primarily in the discretion of the district court. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d. Cir. 1984). Three factors guide courts in the exercise of that discretion: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d. Cir. 2000). In reviewing a motion

for default judgment, Courts must treat as true all factual allegations of the complaint, except those relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

## III. Discussion

### A. Jurisdiction and Service

The Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. §§ 216(c) and 217 because Secretary Walsh brings claims under the FLSA. As to personal jurisdiction, the Court has general jurisdiction over Serenitycare because it is a registered Pennsylvania company. *See* ECF No. 1 ¶ 2; *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (place of incorporation is a paradigmatic basis for general personal jurisdiction).[1] Secretary Walsh properly served Serenitycare through its registered agent, Ms. Oliver-Hollis, at Serenitycare's registered office in Pittsburgh on July 23, 2022. *See* ECF No. 40-3; ECF No. 1 ¶ 2; Fed. R. Civ. P. 4(h)(1)(B).

### B. Sufficiency of the Pleadings

Secretary Walsh brought claims against Serenitycare for violating sections 6, 7, 11(a), 11(c), 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA. *See generally* ECF No. 1. Each of these alleged violations has been sufficiently pleaded.

First, Secretary Walsh claims that Serenitycare violated sections 7 and 15(a)(2) of the FLSA by misclassifying its employees as independent contractors and failing to pay them overtime wages. ECF No. 1 ¶¶ 9, 11. Those sections require employers to pay employees for hours in excess of forty per week "at a rate not less than one and one-half times the regular rate at which

---

[1] The Complaint is ambiguous as to whether Serenitycare is a corporation or LLC. *See* ECF No. 1 ¶ 2 (calling Serenitycare an "LLC" and then a "corporation"). This ambiguity does not raise an issue as to the Court's jurisdiction, however, because the Complaint is clear that Serenitycare is organized under Pennsylvania law. *See id.*; *Hannah v. Johnson & Johnson Inc.*, No. CV 18-10319, 2020 WL 3497010, at *16 (D.N.J. June 29, 2020) (principal place of business and place of incorporation are sufficient bases for general personal jurisdiction for both corporations and LLCs) (collecting cases).

3

he is employed." 29 U.S.C. §§ 207(a)(1), 215(a)(2).  Secretary Walsh alleges that, despite being aware of this requirement, Serenitycare paid its employees the same rate of pay for hours up to and exceeding forty per week, either without justification or by misclassifying the employee as exempt from overtime requirements.  ECF No. 1 ¶¶ 9–14.  The Secretary has therefore sufficiently pleaded a violation of section 7 and 15(a)(2) of the FLSA.

Second, Secretary Walsh claims that Serenitycare violated sections 6 and 15(a)(2) of the FLSA by failing to pay some of its employees the minimum wage.  *Id.* ¶ 15.  Those sections set a minimum wage of $7.25 per hour for relevant time period.  29 U.S.C. §§ 206(a)(1)(C), 215(a)(2).  Secretary Walsh alleges that Serenitycare deducted advance leave from employees' pay without an appropriate agreement or policy in place, resulting in an hourly wage under the minimum set by the FLSA.  ECF No. 1 ¶ 15.  Accordingly, the Secretary has sufficiently pleaded a violation of sections 6 and 15(a)(2) of the FLSA.

Third, Secretary Walsh claims that Serenitycare violated sections 11(c) and 15(a)(5) of the FLSA by keeping inadequate records.  *Id.* ¶ 17.  Those sections, together with Department of Labor regulations implementing those sections, require employers to keep records that, among other things, track the number of hours employees actually worked.  29 U.S.C. §§ 211(c), 215(a)(5); 29 C.F.R. § 516.2(a)(7)–(9).  Secretary Walsh alleges that Serenitycare failed to keep records for some employees and did not keep records of hours actually worked for others.  ECF No. 1 ¶ 17.  The Secretary has therefore sufficiently pleaded a violation of sections 11(c) and 15(a)(5) of the FLSA.

Fourth, Secretary Walsh claims that Serenitycare violated sections 11(a) and 15(a)(3) of the FLSA by retaliating against its employees and interfering with the Department of Labor's investigation into Serenitycare.  To plead retaliation under section 15(a)(3) of the FLSA, a plaintiff

must allege: (1) that an employee engaged in (or was about to engage in) a protected activity, such as seeking back wages; (2) the employee suffered an adverse employment action; and (3) causation. *See* 29 U.S.C. § 215(a)(3); *Lin v. One Coco Nails & Spa Inc.*, No. 3:20-CV-01509, 2022 WL 3723981, at *7 (M.D. Pa. Aug. 29, 2022). Here, Secretary Walsh alleges that numerous employees sought or were about to seek back wages from the Department of Labor when Serenitycare, through Ms. Oliver-Hollis, urged them to disclaim back wages and make false statements to investigators. ECF No. 1 ¶¶ 18–22. These allegations sufficiently allege an adverse employment action because the implicit threat in Serenitycare's actions would reasonably dissuade an employee from exercising their rights under the FLSA. *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 57 (2006). Given the alleged proximity between the protected activity and the adverse action, causation is also sufficiently pleaded. *See Mammen v. Thomas Jefferson Univ.*, 523 F. Supp. 3d 702, 717 (E.D. Pa. 2021). The allegations therefore sufficiently allege a claim for retaliation under the FLSA. The allegations likewise support a claim of obstruction with the Department of Labor's investigation of Serenitycare under 29 U.S.C. § 211(a). *See Walsh v. Caribbean Island Rest. & Bar, LLC*, No. 22-CV-4054 (ARR) (JST), 2022 WL 2713725, at *1 (E.D.N.Y. July 13, 2022); *Acosta Ginger Green, Inc.*, No. 2:18-CV-4098-ODW-SK, 2018 WL 3361397, at *1 (C.D. Cal. May 18, 2018).

### C. *Chamberlain* Factors

First, Secretary Walsh would be prejudiced if default judgment were denied because the Serenitycare has failed to appear. Denial of default judgment would therefore leave Secretary Walsh with no other means to vindicate its claims against Serenitycare. *See Arias v. Wal-Mart Stores E., LP*, No. 19-cv-05227-JMY, 2021 WL 4169398, at *4 (E.D. Pa. Sept. 14, 2021). Second, because Serenitycare has not appeared in this case, the Court cannot know what defenses it may

have. The Court may therefore presume there are none. *See Joe Hand Promotions, Inc. v. Yakubets*, 3 F. Supp. 3d 261, 271 (E.D. Pa. 2014). Third, "culpable conduct" is that which is done "willfully or in bad faith." *Slater v. Yum Yum's 123 ABC*, No. 2:20-cv-00382-JMG, 2021 WL 2188599, at *6 (E.D. Pa. May 28, 2021) (citing *Chamberlain*, 210 F.3d at 164). Serenitycare's acceptance of the Complaint and failure to appear or respond constitutes willful and therefore culpable conduct. *See id.* The *Chamberlain* factors therefore support the issuance of a default judgment against Serenitycare.

### D. Injunctive Relief

In granting an injunction, a court should consider "(1) irreparable injury; (2) inadequacy of legal remedies; (3) the balance of hardships as between the plaintiff and defendant; and (4) the public interest." *2109971 Ont. Inc. v. Matrix Hosp. Furniture Inc.*, No. 21-11412 (KM) (CLW), 2022 WL 154411, at *4 (D.N.J. Jan. 14, 2022) (citing *eBay Inc. v. MercExchange*, LLC, 547 U.S. 388, 391 (2006)). In the context of the FLSA, courts also consider whether, in the absence of an injunction, violations are likely to recur. *Solis v. United Buffet, Inc.*, No. 11-cv-4194 RMW, 2012 WL 669867, at *5 (N.D. Cal. Feb. 29, 2012). These factors favor the issuance of Secretary Walsh's requested injunction. First, Secretary Walsh will be irreparably harmed without the injunction: "Prospective injunctions are essential because the cost of noncompliance is placed on the employer, which lessens the responsibility of the Wage and Hour Division in investigating instances of noncompliance." *Martin v. Funtime, Inc.*, 963 F.2d 110, 114 (6th Cir. 1992) (internal citation omitted). Second, there is no other legal remedy available due to Serenitycare's failure to appear. Third, the balance of hardships and the public's interest in vindicating labor laws support the injunction. Finally, given Serenitycare's acts of interference with the Department of Labor's

investigation, the Court cannot conclude that violations of the FLSA would be unlikely to occur absent the injunction.  *See Solis*, 2012 WL 669867, at *5.

**IV.     Conclusion**

For the reasons set forth above, Secretary Walsh's Motion for Default Judgment will be GRANTED.  An appropriate Order will follow.

DATED this 28th day of December, 2022.

BY THE COURT:

/s/ Christy Criswell Wiegand
CHRISTY CRISWELL WIEGAND
United States District Judge

cc (via ECF email notification):

All Counsel of Record